### In re ROMADKA BROS. CO.

#### FIRST SAVINGS & TRUST CO. v. ROMADKA.

(Circuit Court of Appeals, Seventh Circuit. May 29, 1914.)

#### No. 2046.

1. CORPORATIONS (§ 484*)—POWERS—GUARANTY.

A corporation cannot ordinarily become bound as an accommodation guarantor, and its naked promise as surety or guarantor with or without an independent consideration cannot be enforced.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

2. BANKRUPTCY (§ 341*)—CLAIM AGAINST ESTATE—LIABILITIES—NOVATION—EVIDENCE.

On an application to establish a claim against the corporation's estate in bankruptcy on a note of certain of its stockholders guaranteed by it, evidence held insufficient to show a novation agreement or an assumption by the corporation of the indebtedness represented by the note, but on the contrary, to establish that the guaranty was made for the mere accommodation of the stockholders, and was not based on an independent consideration flowing to the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. § 341.*]

3. CORPORATIONS (§ 484*)—POWERS—INDEBTEDNESS—SURETY—GUARANTY.

While a corporation may bind itself as surety or guarantor to perform a contract, made for its benefit or in the furtherance of an object within its corporate powers and purposes, it cannot bind itself for the payment of debts owing by its stockholders to third parties, wherein it had no interest, either direct or collateral, against which guaranty it may properly plead the defense of ultra vires.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

Appeal from the District Court of the United States for the Eastern District of Wisconsin; Ferdinand A. Geiger, Judge.

In the matter of bankruptcy proceedings of Romadka Bros. Company. An order of the referee rejecting the claim of the executors of Charles P. Romadka, deceased, was reversed by the District Court (206 Fed. 944), and the First Savings & Trust Company, trustee of the bankrupts, appeals. Order of District Court reversed, with directions to disallow the claim.

The bankrupt is a corporation, incorporated under the laws of Wisconsin for manufacturing and other purposes specified in the articles, and the trustee in bankruptcy appeals from an order of the District

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Court, which reverses an order of the referee therein and directs allowance against the estate in bankruptcy of the appellee's claim in suit. The opinion of Judge Geiger upon which the order rests, together with his recital of facts deemed material, is certified in the transcript of record, and appears as well reported under the title In re Romadka Bros. Co. (D. C.) 206 Fed. 944.

Miller, Mack & Fairchild, of Milwaukee, Wis. (Samuel T. Swansen, of Madison, Wis., and James B. Blake, of Milwaukee, Wis., of counsel), for appellant. John M. W. Pratt, of Milwaukee, Wis. (Cary, Upham & Black, of Milwaukee, Wis., of counsel), for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

SEAMAN, Circuit Judge. The claim in suit is a promissory note for $30,000, dated March 17, 1909, made by five individual signers and payable to the decedent, Charles P. Romadka, bearing an indorsement thereon as follows: "For value received, we hereby guarantee the payment of the within note at maturity, and interest thereon at its respective maturity"—signed in the name of the bankrupt corporation, by its president and secretary. Both of the officers so executing the guaranty are individual makers on the face of the note and all the makers are stockholders of the guarantor corporation and owners of all its capital stock. Thus the prima facie import of the contract is an obligation of the joint and several makers of the note for their individual indebtedness, and an undertaking on behalf of the corporation to guarantee payment thereof.

[1] In this aspect of the claim, the corporation appears as an accommodation guarantor of the indebtedness of the makers, and the doctrine is well settled that a corporation cannot ordinarily become bound for such purpose, so that its naked promise as surety or guarantor (with or without independent consideration) could not be enforced. 3 Cook on Corporations (6th Ed.) § 774; 4 Thompson, Com. on Corporations, § 5739; 10 Cyc. 1115. This doctrine is a mere exemplification of the established general rule that the contractual powers of a corporation are limited to objects authorized (either expressly or by implication) in its incorporation. It is upheld in Wisconsin (Madison, W. & M. Plank Road Co. v. Watertown & P. Plank Road Co., 7 Wis. 59; Kennan v. Rundle, 81 Wis. 212, 51 N. W. 426) and by this court, in effect, in the case entitled In re Haas Co., 131 Fed. 232, 234, 65 C. C. A. 218.

We do not understand the above stated general doctrine to be controverted or questioned in the opinion of the trial court directing allowance of the claim, nor in the argument on behalf of the appellee in support of such allowance, but that the ruling in favor of the claim is predicated on other propositions which are assumed to render that doctrine either inapplicable or inoperative. Those propositions are: First (as stated in substance in the opinion filed), that the evidence proves the transaction out of which the note arose to be in truth and purpose an assumption by the corporation of the indebtedness of the several makers (stockholders), for the benefit and purposes of the corporation, and thus within its powers. Second (as further contended in the argument of counsel), that the evidence establishes the contract on the part of the corporation, treated as one of guaranty: (1) To be made

for corporate purposes within its powers; and (2) in either view of the contract creates an estoppel against the defense of ultra vires.

[2] 1. The contention that the arrangement was not one of accommodation guaranty of payment, but was intended by all the parties and amounted to an assumption by the corporation of "the personal debt" of the stockholders to the payee, is discussed and upheld in the opinion of the trial court for the allowance. The opinion is prefaced with a summary of circumstances in evidence which either preceded or attended the execution of the note in suit, whereon the ruling must rest, and such statement (as reported 206 Fed. 944) may be referred to without repetition as an entirety in the present opinion. On examination thereof, however, and as well of the testimony preserved in the record, we believe no sanction appears for the above-mentioned inference therefrom (either of law or of fact) of a novation agreement, or assumption on the part of the corporation of the indebtedness represented by the note, irrespective of the question of want of corporate power to that end reviewed by this court in the case of In re Haas Co., supra, involving like conditions.

These facts are settled and conceded: (a) The consideration represented by the note was the personal indebtedness of the stockholders to the payee when it was executed by them as makers. (b) The purported authorization of any undertaking on the part of the corporation thereupon appears "from the records of the stockholders' meeting," in substance reciting as follows: That "the president suggested" an issue of "at least $100,000 common stock as collateral security" to be held by the payee with the note signed by the stockholders, and such "note to be assumed by this company"; that the payee, "C. P. Romadka, who was present, preferred their note and indorsement"; and that a resolution was then adopted for the note to be executed by the stockholders "and indorsed by this company by its president and secretary, Mr. C. P. Romadka consenting." (c) The note in suit was thereupon signed by the makers, so "indorsed" with guaranty of payment and accepted by the payee. The ruling that the corporation "really assumed the personal debt" of the makers, notwithstanding the undoubted import of the written contract otherwise, rests on circumstances which are the subject-matter of recitals contained in the above-mentioned record of the stockholders' meeting, together with testimony as to financial difficulties of the corporation and antecedent conferences for rehabilitation thereof. In the opinion it is stated that "there is controversy in the testimony" of various witnesses "with respect to the precise consideration prompting the transfer of real estate" by the stockholders to the corporation (hereinafter mentioned), but we believe any differences in their versions respectively to be immaterial, and that the recitals thereof as entered of record at the meeting of stockholders are both sufficient and controlling for all purposes of the present issue. The additional facts so relied upon may be classified and stated as follows: (1) That the corporation accepted a conveyance from the stockholders of their several equities in certain real estate, in settlement of $64,800, as their personal indebtedness to the corporation for overdrawn accounts, and "for the purpose of strengthening the assets of the company," thereby exhausting all their property, aside from

their holdings of stock in the corporation, and that the payee of the note (as stated in the opinion) gave "his assent thereto," and surrendered certain of the stock held by him as collateral for the stockholders' indebtedness to him. (2) That the corporation had been for some time in financial difficulties, with its resources impaired by the above-mentioned overdrafts and other causes, and various plans for rehabilitation were under consideration, resulting in the adoption of a plan at a stockholders' meeting of even date with the note—attended by the payee in an advisory capacity only—to increase the capital stock from $359,000 to $500,000, whereof $100,000 was to be preferred stock and placed on sale, and $400,000 common stock to be issued to the stockholders in lieu of their $359,000. (3) That C. P. Romadka, payee of the note, who was originally a principal stockholder in the corporation, had sold and transferred "his entire holdings" therein to the remaining stockholders (makers of the note) several years before, but all their shares of stock were thereafter held by him pledged as a collateral for the purchase money, whereof the note in suit represents the unpaid portion, and that in the course of the stockholders' proceedings above mentioned, the suggestion appears of record (as hereinbefore quoted) for acceptance by such payee of $100,000 of common stock as collateral security, together with his answer and the ensuing resolution above stated.

Laying aside the last mentioned "suggestion," offered by the president (one of the makers) at the meeting of stockholders, that the note "be assumed by this company," we are advised of no testimony in the record which tends to prove even an offer on the part of the corporation to assume the indebtedness of the stockholders to the payee, and the ensuing rejection of that proposal plainly left it inoperative, aside from any question of want of consideration for such an agreement. In reference to the conveyance made by the stockholders to the corporation, the transaction is without force, as we believe, for the following reasons: Not only was it executed nearly a month prior to the making of the note and for the clearly expressed purpose of satisfying the conceded indebtedness of the grantors to the grantee corporation, but the payee of the note was neither a party to the conveyance, nor possessed of any interest in the property conveyed; and the facts cited, that he appears to have advised or assented to the making of such conveyance by the stockholders (his debtors), and that the corporation accepted the grant, can neither create liability in his favor against the corporation for the grantors' indebtedness to him, nor impute consideration therefor.

We are of opinion, therefore, that the first proposition must be overruled as unsupported by evidence.

[3] 2. The contentions that the evidence establishes liability under the contract, treated as one of guaranty on the part of the corporation, are both untenable, as we believe, for like want of supporting facts. Undoubtedly the corporation may bind itself as surety or guarantor for performance of a contract made for its benefit, or in furtherance of an object within its corporate powers and purposes (vide Winterfield v. Cream City Brewing Co., 96 Wis. 239, 242, 71 N. W. 101), but payment of debts owing by its stockholders to third parties, where-

in the corporation has no interest, direct or indirect, is plainly not for its benefit, nor within its corporate objects. In re Haas Co., supra. As before stated, the transfer of real estate by the stockholders to the corporation were prior and independent transactions and for an independent consideration, wherein the payee of the note in suit neither claimed nor had any interest; and the evidence discloses no benefit granted to or acquired by the corporation in consideration of its guaranty. The further fact relied upon as proving consideration—agreement by the payee to accept from the makers, as collateral security, $100,000 of stock in place of the entire amount theretofore pledged—is without force, for the reason that it was for the exclusive benefit of the makers and the corporation had no interest and acquired no benefit in such arrangement.

We believe, therefore, that the purported guaranty indorsed thereon by its officers was purely an accommodation promise, not within the corporate powers and not binding as a corporate obligation, and that no circumstances are in evidence to estop the corporation "from invoking the defense of ultra vires."

The order of the District Court is reversed, accordingly, with direction to disallow the appellee's claim.