In the Matter of the Accounting of NATIONAL CHAUTAUQUA COUNTY BANK, as Substitute Trustee under the Will of WILLIAM BROADHEAD, Deceased. Respondent. ALLEN E. BARGAR et al., as Committee of Preferred Creditors of the Estate of ALMET N. BROADHEAD, Deceased, Appellants; WILLIAM A. BROADHEAD, et al., Respondents.— Decree so far as appealed from affirmed, with costs to respondents payable out of the estate. All concur. (The portion of the decree appealed from construes a certain paragraph of a will, in a proceeding for the final settlement of the accounts of a trustee.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ. [See *post*, p. 952.]

IKE MANNHEIMER, Individually and on Behalf of All Other Stockholders of LISK MANUFACTURING COMPANY, LIMITED, Similarly Situated, Appellant-Respondent, v. CLARENCE C. KEEHN et al., Respondents-Appellants, and LISK MANUFACTURING COMPANY, LIMITED, Defendant-Respondent.— Judgment insofar as it relates to the defendant Security Trust Company of Rochester reversed on the law and complaint dismissed as to said defendant; judgment insofar as it relates to the defendant Lincoln-Alliance Bank and Trust Company affirmed; judgment insofar as it relates to all other defendants modified on the law by deducting therefrom the sum of $840 and as so modified the judgment as to those defendants is affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and a new finding made. Memorandum: In this representative action brought by a stockholder of Lisk Manufacturing Company, Limited, to set aside a voting trust agreement, to compel one of the directors to account to the corporation for certain shares of corporate stock purchased by him in the open market and to charge the voting trustees, the corporate stock transfer agent and the corporate registrar with the expenses incident to the creation and operation of the voting trust, the court granted judgment in favor of defendants on all issues except as to liability for the expenses of the voting trust. As to these matters the defendants were held liable. We agree with the views expressed by the trial court in its opinion (41 N. Y. S. 2d 542), except in respect to the liability of the Security Trust Company of Rochester and those directors of the Lisk Manufacturing Company, Limited, who became trustees under the 1936 voting trust agreement to repay the fees of the registrar. We hold that the employment of the Security Trust Company as registrar and payment to it for its services were proper corporate acts. Since there was included in its fees no additional charge for registering the voting trust certificates, it is not liable to repay any part of its annual fees. All concur. (The judgment adjudges that a voting trust agreement is valid; that the purchase by defendant Keehn of 575 shares of common stock of defendant Lisk Manufacturing Company, Limited, in his own name was not a breach of fiduciary duty; but permits a recovery in behalf of the corporation for money expended in obtaining and carrying out the voting trust agreement.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ. [See *post*, p. 845.]