■ BUCKLEY PETROLEUM PRODUCTS, INC., et al., Plaintiffs, and GLENN D. BARTLE, as Trustee of Markson Bros., Inc., Now KNOWN as MBH, INC., Appellant-Respondent, v. JOSEPH SCHWARTZ et al., Defendants, and ABE GOLDMAN, Respondent-Appellant. O. W. SEIBERT CO., INC., et al., Plaintiffs, and GLENN D. BARTLE, as Trustee of Markson Bros., Inc., Now Known as MBH, INC., Appellant-Respondent, v. ASHER S. MARKSON, Respondent-Appellant.— ▮ Memorandum: Ordering paragraphs 4, 5 and 6 should be modified to provide in paragraph 4 that the motion to

strike defendant Markson's first affirmative defense be granted, without costs; in paragraph 6 that the motion to strike said defendant's third affirmative defense be denied, without costs, and in paragraph 5 the added qualification be stated that said defendant be also credited with the payments of 47½% on unsecured general creditor's claims in accordance with the arrangement approved by Bankruptcy Court. Ordering paragraph 4 which denied the motion to strike the defense pertaining to the Statute of Limitation is modified by granting said motion because the action was timely commenced. The six-year Statute of Limitations (Civ. Prac. Act, § 48, subd 2) applied when CPLR became effective on September 1, 1963 and the causes of action were not then barred. The provisions of the Civil Practice Act continued to be applicable and the causes of action were not barred when the action was commenced in September, 1963. (CPLR 218, subd. [b].) The modifications in paragraphs 5 and 6 are required because in this action the creditors have causes of action only to the extent to which they have been damaged. Section 278 (subd. 1, par. a) of the Debtor and Creditor Law allows a creditor whose claim has matured the right to set aside a conveyance only to the extent needed to satisfy his claim. Section 58 of the Stock Corporation Law allows recovery by creditors of the " full amount of any loss " only. Section 59 of the Stock Corporation Law creates no right in the corporation but only in the creditors, and *American Broadcasting—Paramount Theatres* v. *Frye* (8 N Y 2d 232, 237) must be read to restrict the action to reimbursement of losses only (see, also, *Wyle* v. *Gould,* 22 Misc 2d 935). Although section 15 of the Stock Corporation Law reads so as to make any payments prohibited by the section void, the concluding sentence makes the personal liability of officers and directors limited to " the full amount of any loss " to creditors insofar as an action by creditors is concerned (see *Shaw* v. *Jewel Radio Corp.,* 6 A D 2d 707, 708). Subdivision 2 of section 60 of the General Corporation Law also limits the creditors to their losses as opposed to allowing them a general role as a righter of wrongs to the corporation (see, generally, *New York Credit Men's Adj. Bur.* v. *Weiss,* 305 N. Y. 1, affg. 278 App. Div. 501). Thus, insofar as the action is one by creditors, recovery must be restricted to the amount of all legitimate creditors' claims less 47½% realized through the bankruptcy and less the $84,762.13 paid the creditors by the successor to Markson Bros. The granting of the trustees's motion to amend the prayer for relief to allow him to recover all that he is entitled to as trustee does not give him a right to recover an amount in excess of the damages sustained by the creditors. Here he is acting solely on behalf of creditors and recovery of their losses can be accomplished only upon proof of their respective causes of action. In this connection the allegations of defendant Markson's third affirmative defense are relevant and the additional qualification hereinbefore stated is required to be added to paragraph 5 of the order. (Appeals from order of Onondaga Special Term, granting in part, and denying in part, motions for summary judgment.) Present — Bastow, J. P., Goldman, Henry and Marsh, JJ.