Ovid C. Lewis, University Heights, Ohio, John A. Demer, Jr., Cleveland, Ohio, for plaintiffs.

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, for defendants.

Sheldon L. **PERRY** et al., Plaintiffs,

v.

Wayne **LINKE**, University Heights Police Officer, et al., Defendants.

Civ. A. No. C 74–330.

United States District Court, N. D. Ohio, E. D.

Oct. 8, 1974.

MEMORANDUM AND ORDER

WILLIAM K. THOMAS, District Judge.

Plaintiffs Sheldon L. Perry, Betty Perry, and Gail Perry bring this action against the City of University Heights and several city employees, including Police Officer Wayne Linke, Police Sergeant John T. Lenehan, Police Chief Donald Stehlik, and Director of Safety Services Marshall Wien. Seeking $65,-000 in damages, plaintiffs invoke the jurisdiction of this court 1) under 28 U.S.C. § 1331 (federal question jurisdiction) and the Fourth Amendment to the United States Constitution "as made applicable to the states through the Due Process Clause of the U.S. Constitution," and 2) under 42 U.S.C. § 1983 (Civil Rights Act of 1871) and 28 U.S.C. § 1343.

Plaintiffs allege:

On August 22, 1973, at about 8:20 p. m. defendants Wayne Linke and John T. Lenehan, under color of law, entered the home of plaintiffs Sheldon L. Perry, Betty Perry, and Gail Perry located at 3814 Silsby Road, University Heights. This entry was made without a search warrant and without permission.

Elsewhere in the complaint plaintiffs state that defendants Linke and Lenehan "forced entry by shoving plaintiff Sheldon L. Perry."

Defendants Linke and Lenehan in separate answers admit that they entered the home of the plaintiffs and Harlan Perry, but otherwise deny the allegations of the complaint. As a second defense Linke and Lenehan each asserts that

he had probable cause to arrest Harlan Perry in the vicinity of his home, that he had reasonable grounds to believe that Harlan Perry had entered his home and was hiding there to avoid arrest, and that this defendant was justified in entering and searching the home for the purpose of effecting the arrest of Harlan, Perry.

As a third defense Linke and Lenehan each asserts that

he acted in good faith both in determining that the arrest of Harlan Perry was warranted and in the conduct of the search of the home of Harlan Perry and plaintiffs for the purpose of effecting such arrest.

By stipulation of the parties, entered August 7, 1974, defendants Marshall Wien and Donald Stehlik have been dismissed with prejudice. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the remaining defendant, City of University Heights, moves for dismissal for failure of the complaint to state a claim against it upon which relief can be granted. This motion is now considered.

Plaintiffs concede in their brief that under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the corresponding jurisdictional section, 28 U.S.C. § 1343(3), a city is not a "person," and hence, "no jurisdiction exists for a suit against the city based upon [section 1983]." However, plaintiffs assert that their claim against the City of University Heights is based on

A second additional and discrete cause of action, arising out of the same Fourth Amendment violation. This second cause of action is predicated upon judicially developed federal common law. It arises out of the Supreme Court's recognition of an implied right of action based on the constitutional language of the Fourth Amendment in Bivens v. Six Federal Narcotics Agents, 403 U.S. 338, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).

Plaintiffs' brief continues:

Jurisdiction against the City of University Heights for this Fourth Amendment damage claim is predicated on the same jurisdictional statute that was employed in the Bivens case, 28 U.S.C. § 1331 [federal question jurisdiction where the matter in controversy "exceeds the sum or value of $10,000 . . . and arises under the Constitution . . . of the United States"].

As authority for invoking section 1331 jurisdiction plaintiffs cite City of Kenosha v. Bruno, 412 U.S. 507, 508, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Kenosha involved "federal civil rights actions for declaratory and injunctive relief naming in each case only the appropriate municipality as a defendant." In controversy were denials by the cities of Racine and Kenosha, Wisconsin, of applications of owners of retail liquor establishments for renewal of one-year licenses. After concluding that it had jurisdiction under 28 U.S.C. § 1343 (42 U.S.C. § 1983), the three-judge district court determined that the Due Process Clause of the Fourteenth Amendment requires municipalities to grant in each case an

adversary-type hearing in which the applicant is given timely notice of the

reasons urged for denial [of renewal of his license] and an opportunity to present, confront, and cross-examine witnesses under oath with a verbatim transcript. Misurelli v. City of Racine, 346 F.Supp. 43, 51 (E.D.Wis. 1972).

The district court also noted in passing that

> . . . were not civil rights jurisdiction proper, each of the plaintiffs herein would be able to assert the necessary $10,000 controversy requirement of Title 28 U.S.C. § 1331. *Id.* at 50.

On appeal, the Supreme Court concluded that municipal corporations "are outside of [section 1983's] ambit for purposes of equitable relief as well as for damages," and that therefore the district court erred "in concluding that it had jurisdiction of appellees' complaints under § 1343." However, the Court remanded the case to the district court for consideration of the issues relating to section 1331 jurisdiction. In doing so, it observed:

> We have had the benefit of neither briefs, arguments, nor explicit consideration by the District Court of the jurisdictional questions presented by the intervention of the Attorney General as a party, and the availability of § 1331 jurisdiction in view of the state of the record below. 412 U.S. at 514, 93 S.Ct. at 2227.

Thus, the Supreme Court implicitly appeared to agree that jurisdiction could be proper under 28 U.S.C. § 1331.

The recent Sixth Circuit Court of Appeals case, Bosely v. City of Euclid, 496 F.2d 193 (6 Cir. 1974), is also cited by the plaintiffs. After referring to *Kenosha, supra* the Sixth Circuit held:

> We decline to remand the present appeal for two reasons, in addition to the failure of the City to challenge the presence of § 1331 jurisdiction over the municipal corporation: 1) In the present case, unlike in *Kenosha,* the District Court expressly found § 1331 jurisdiction to be present and based its decision on the merits thereon; 2) even if we should remand the case as to the municipal corporation, we still would reach the merits of the case as to the individual appellees, against whom 'relief is sought. Furthermore, we conclude for reasons set forth below that appellants' claims on the merits are baseless.

Thus *Kenosha* and *Bosely* suggest that jurisdiction under section 1331 is warranted in an action against a municipality founded upon the Constitution. Because plaintiffs allege a violation of a federal constitutional right and damages in excess of $10,000, they are justified in asserting section 1331 jurisdiction in their claim against the City of University Heights. The critical question, however, is whether or not the plaintiffs state a claim against the City upon which relief may be granted. *See* Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In other words, it must be determined whether plaintiffs may sue a municipality for money damages based on the claimed deprivation of Fourth Amendment rights by reason of the alleged wrongful conduct of police officers of the municipality.

As justification for their claim for damages against defendant University Heights, plaintiffs rely on Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens* the lower courts had dismissed the damage action brought by the petitioner. Petitioner had alleged that agents of the Federal Bureau of Narcotics entered his apartment, arrested him for alleged narcotics violations, manacled him in front of his wife and children, threatened to arrest the entire family, and searched the apartment "from stem to stern." He had stated that they acted without a warrant and with unreasonable force in making the arrest. The Supreme Court read his complaint to allege "as well that the ar-

rest was made without probable cause. The question defined by the Court was

. . . merely whether petitioner, if he can demonstrate an injury consequent upon the violation by federal agents of his Fourth Amendment rights, is entitled to redress his injury through a particular remedial mechanism normally available in the federal courts.

The Court then ruled:

Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, supra, at 390–95, 91 S.Ct. 1999, we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the amendment. [1]

*Bivens* sanctions a suit for money damages against federal agents by reason of their violation of the Fourth Amendment rights of a citizen. The question is whether to extend its holding to apply to like suits against municipalities for acts of their law enforcement agents.

By the Civil Rights Act of 1871, 42 U.S.C. § 1983, Congress established a remedy for the deprivation of federal constitutional rights protected by the Fourteenth Amendment. Section 1983 sanctions civil actions for equitable relief and money damages against individuals such as municipal law officers acting under color of state law, but not against municipalities or other political subdivisions of the state. As indicated in Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961), the omission of municipalities was a deliberate legislative choice. [2]

Plaintiffs suggest that this court imply an additional remedy permitting an action for money damages against a municipality for the deprivation of the same constitutional rights protected by section 1983. The Supreme Court's implication of a right of action against federal agents was warranted in *Bivens, supra,* because there was no civil remedy for the allegedly unconstitutional acts committed by federal agents absent an implied one. In contrast, plaintiffs in this case do have a civil remedy under section 1983 against the municipal law officers. Section 1983 permits no damage action against the municipality for the unconstitutional acts of a police officer and this court will not imply such a right. In one sense of the term, Congress has preempted the field against judicial implication of such a remedy. But in any event, judicial restraint counsels against implication of a damage remedy against a municipality when Congress in its considered judgment has limited the right of action for damages to claims brought against state officers in their individual capacities.

Therefore, the motion of the City of University Heights to dismiss the city as a party defendant is granted.

It is so ordered.

---

1. The Court remanded the case to the court of appeals to pass on the district court's ruling that respondent federal agents were immune from liability by virtue of their official positions. For the further history of the case on remand see Bivens v. Six Unknown Agents, 456 F.2d 1339 (2 Cir. 1972).

2. "The response of the Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them." Monroe v. Pape, 365 U.S. 167, 191, 81 S.Ct. 473, 486, 5 L.Ed.2d 492 (1961).