**William D. MARTIN, Trustee in Bankruptcy for Ju-Li Corporation, Plaintiff-Appellant,**

v.

**LIFE INVESTORS, INC., Defendant-Appellee.**

No. 83–1367.

Court of Appeals of Iowa.

Sept. 6, 1984.

Richard P. Moore of Moyer & Bergman, Cedar Rapids, for plaintiff-appellant.

Theodore A. Livingston, Paula J. Morency, and Doreen A. Gagnon of Mayer, Brown & Platt, Chicago, Ill., for defendant-appellee.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ.

SNELL, Presiding Judge.

The plaintiff, the Trustee in Bankruptcy for the Ju-Li Corporation, appeals from a summary judgment for the defendant, Life Investors, Inc., in an action for breach of fiduciary duty. Ju-Li, a fast food vendor under a franchise, was a wholly-owned subsidiary of Life Investors from its creation in May of 1977 until it was sold to Patel Corporation in August of 1978. Patel Corporation continued operation of Ju-Li until February, 1979, when Ju-Li closed its doors and involuntary bankruptcy proceedings were initiated.

The trustee brought this action on behalf of the unsecured creditors and former employees of the Ju-Li Corporation. He contends that Life Investors breached duties owed to these three when they sold Ju-Li to the Patel Corporation. It is undisputed that Life Investors paid all the creditors' claims against Ju-Li which had accrued as of the date of the sale. Thus, the creditors' claims which the trustee asserts all arose after the sale to Patel Corporation. All of Ju-Li's creditors were given notice of the sale and there is no indication in the record that any of the creditors believed that Life Investors continued in control of Ju-Li following the sale.

In reviewing the trial court's summary judgment, we review the facts of the entire record in the light most favorable to the party opposing the motion. *Tasco Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). Summary judgment is proper only

when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c) (1983).

The two issues presented for review are: (1) whether the trustee has standing to assert the claims of the post-sale creditors and unpaid employees against a third party, Life Investors; and (2) whether the plaintiff has established that there is a genuine issue ·of material fact of whether Life Investors breached its fiduciary duties causing Ju-Li actual damages.

The trustee asserts that the expanded trustee powers set forth in the "strong arm clause" of Section 70(c) of the Bankruptcy Act allow him to assert the creditors' claims in this particular case. The statute in effect at the time of Ju-Li's bankruptcy granted the trustee "... the rights and powers of ... a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt ... could have obtained ... a lien ...." 11 U.S.C. § 110(c) (1976). The trustee points to the case law and to the legislative history of the amendments to this statute to support his argument that Congress has expanded the trustee's powers such that he does have standing to assert the creditors' claims. Alternatively, he argues that, even if the trustee does not have statutory standing to present the claims, the court should allow him to do so for policy reasons.

■ We find, however, that neither the statutes and the case law nor the policy arguments support such an extension of the trustee's powers. The test to determine whether the trustee has the authority to assert the claims of creditors is: "Does the money sought to be recovered ... belong to the bankrupt estate, as contemplated by the Federal Act?" *Hicklin v. Cummings,* 211 Iowa 687, 694, 234 N.W. 530, 533 (1931). This depends on whether the liability is an asset of the corporation under state law. *Id.* at 694–95, 234 N.W. at 533 (*citing In re Associated Oil Co.,* 289 F.

693, 694 (1923)). In *Hicklin,* the Iowa Supreme Court found that the trustee had no standing to assert the creditor's claims because the cause of action was granted to the individual creditors by statute. 211 Iowa at 694–95, 234 N.W. 533.

■ The trustee argues that the 1952 amendment to Section 70(c) undercuts the *Hicklin* decision and expands the definition of property of the bankruptcy estate such that he should be able to assert the creditors' claims against Life Investors. However, several more recent cases construing 11 U.S.C. § 110 have reached the same result as *Hicklin. Cissell v. American Home Assurance Company,* 521 F.2d 790, 793 (6th Cir.1975) (trustee lacked standing because the cause of action sought to be asserted was for the benefit of specific creditors); *In re Petroleum Corporation of America,* 417 F.2d 929, 934–35 (8th Cir. 1969) (a trustee has no power to press the general claims of bankrupt's creditors as against third parties).

In this case, the trustee is seeking to assert claims which the creditors might have, not against Ju-Li Corporation, but against a third party, Life Investors. These claims belong to the creditors personally, and are not property of the bankrupt Ju-Li Corporation. Both cases which the trustee cites in support of his claim that he does have the right to assert these creditors' claims are distinguishable. In *Buckley Petroleum Products, Inc. v. Goldman,* 28 App.Div.2d 640, 280 N.Y.S.2d 876 (1967), there was a New York statute which specifically authorized the trustee to assert these creditors' claims once chapter 11 proceedings were commenced. *Bartle v. Markson,* 357 F.2d 517, 524 (2nd Cir. 1966). The second case, *Bayliss v. Rood,* 424 F.2d 142 (4th Cir.1970), was an action against directors of a bankrupt corporation for improper withdrawal of funds. In that case, the court found that the trustee did have the authority to assert the creditors' claims because it was a right of action which the bankrupt could enforce. *Id.* at 146.

Although the statutes and case law don't grant the trustee standing to assert these claims, he argues alternatively that we should grant him standing for policy reasons such as avoiding multiplicity of litigation. We decline to do so because: (1) the interests of the trustee and the creditors are distinct and may be in conflict; and (2) such a decision is better left to the legislature.

The second issue is whether Life Investors breached its fiduciary duty to the post-sale creditors causing actual damage. The first question which must be examined is whether Life Investors owed any duty to the post-sale creditors. It is undisputed that Life Investors paid the claims of all of Ju-Li's creditors at the time of the sale and that all of the claims are from post-sale creditors.

■ Generally, post-sale creditors are not prejudiced by the sale of corporate assets because they are deemed to be on notice of the transaction. *See Miller's Shoes & Cloth. v. Hawkins Furn. & App., Inc.*, 300 Minn. 460, 465, 221 N.W.2d 113, 116–17 (1974); *see also*, 71 A.L.R.3d 639 § 6[a]. Post-sale creditors may be granted a cause of action when the transaction is fraudulent such that it would be impossible for the creditors to have obtained notice of the facts of the transaction. *See In re Haas Co.*, 131 F. 232, 234 (7th Cir.1904) (examination of mortgage given in sale would not indicate that the corporation was paying the personal debts of the shareholders).

■ Here, the record does not indicate that Life Investors acted fraudulently or in any way misled the post-sale creditors. It notified all of the creditors of the change of ownership. In a separate action between Patel Corporation and Life Investors, a federal district court found that Life Investors had not induced Patel to purchase Ju-Li by fraudulent misrepresentation.

The trustee cites *Hoyt v. Hampe*, 206 Iowa 206, 214 N.W. 718 (1937), in support of his claim that the subsequent creditors should be able to maintain this action. The trial court properly distinguished this case:

> *Hoyt* is in part distinguishable in that the issuance of insurance policies and thus the incursion of debts was not the primary function of the Ju-Li Corporation. The nature of the duties owed by an insurer to its policy holders are qualitatively different from those owed by the parent company of a food vendor to those wholly separate and independent commercial entities which supply products to the food vendor. In this case both cont[r]acting parties, Ju-Li on the one hand and the creditors on the other hand, are merchants engaged in competitive and obviously risky businesses.

We find, therefore, that Life Investors did not owe any duty to the subsequent creditors and that the trial court acted properly in granting the summary judgment.

■ Finally, the trustee argues that he should have been given the opportunity to prove actual as well as punitive damages. The trustee has only alleged damages suffered by the employees and creditors of Ju-Li, and not of Ju-Li Corporation itself. Before a party can maintain a cause of action, actual damages must be suffered. *Iowa Power & Light Co. v. Abild Construction Co.*, 259 Iowa 314, 336, 144 N.W.2d 303, 316 (1966). He argues that he should have been given the opportunity to prove punitive damages even though actual damages aren't awarded. However, in the case he cites as authority, the court allowed the party to prove punitive damages when actual damages *were shown* but could not be computed. *Pringle Tax Service, Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979). We find that the trustee does not have standing to assert the personal claims of creditors against the third party, Life Investors, and that Life Investors did not owe any duty to the post-sale creditors. The trial court properly granted the motion for summary judgment.

AFFIRMED.