**Ruth E. BUCK, Appellant,**

v.

**The BOARD OF ELECTIONS OF the CITY OF NEW YORK et al., Appellees.**

**No. 459, Docket 75–7355.**

United States Court of Appeals, Second Circuit.

Argued Jan. 26, 1976.
Decided May 27, 1976.

Ruth E. Buck, pro se.

William P. DeWitt, New York City (W. Bernard Richland, Corp. Counsel, New York City, of the City of New York, of counsel), for appellees Bd. of Elections and Bd. of Ed. of the City of New York, Irving Anker, and the Community School Bd. of Community School Dist. Twenty-five.

Stanley Posess, New York City, for appellees President's Council, Dist. 25, Queens, and Dorothy Kaye.

Before MOORE, OAKES and MESKILL, Circuit Judges.

OAKES, Circuit Judge:

This pro se appeal is from dismissal of a civil rights complaint seeking declaratory, injunctive and damage relief against various defendants who allegedly acted to deprive appellant of an equal opportunity to be elected to the Community School Board of District # 25, Queens, New York, in an election held on May 6, 1975. We affirm the United States District Court for the Eastern District of New York, Walter Bruchhausen, *Judge*, which dismissed the complaint for lack of a substantial federal issue.

Appellant was an unsuccessful candidate for a position on the Community School Board of District # 25. She alleges that the appellees Dorothy Kaye, the President's Council and the Community School Board rigged the election by using their official positions and school facilities to support certain favored candidates recommended by the parents' Community School Board Election Committee. She also complains that the appellees Board of Elections, Board of Education and Chancellor Anker neglected to act to stop these abuses. Appellant seeks to unseat the candidates elected and to compel a new election.

We assume, without deciding, that the claim appellant attempts to allege against the state officials would be a cognizable claim of denial of civil rights in the

light of, *e. g., Lubin v. Panish,* 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974), and *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972). There is nothing specific in the complaint, however, to indicate that any of the three named Boards, or Chancellor Anker, did anything which would demonstrate their participation in any conspiracy or that any of them performed any action in derogation of her rights. Appellant does not allege that any of these three entities were aware of her problems or had any way to know of her situation or that they refused to take action to vindicate her rights. Knowledge of the acts is a statutory prerequisite to suit under 42 U.S.C. § 1986. *Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir. 1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). There is no sufficient allegation of actionable conspiracy under § 1985. *See Tollett v. Laman,* 497 F.2d 1231 (8th Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974).

As to appellee Anker, it is alleged that he purposefully and wrongly stated in a circular he distributed about the election that parents' associations were allowed to distribute campaign materials through the schoolchildren and further decided not to underwrite publication of the official statements drawn up by each candidate as had been done in previous years. It is also alleged that he neglected to perform his duty to insure a fair election. But there is nothing inherently wrongful about parents' associations being permitted to send campaign literature home with the children so long as other candidates were not prohibited from similarly doing so. No allegation that appellant was so prohibited by Anker, or at Anker's direction, has been made.[1] Clearly the school Chancellor's determining not to underwrite publication of official statements drawn up by each candidate could not be considered in any way improper. The allegation that Anker neglected to perform his duty to insure a fair election is conclusory only. *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964).

As to the parents' or parent-teacher associations, the fact that Community School Boards are authorized to establish them under New York Education Law §§ 2590–d and 2590–h does not make their officers public officials. Since the appellee President's Council, which is an organization composed of the presidents of each of the associations, is not a state agency, and appellee Kaye, who is president of the President's Council of District # 25, is not a state official, their actions cannot comprise state action unless they were willful participants in joint activity with the State or its agents. *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir. 1975), slip ops. 1413, 1420. No allegation of such complicity that is other than conclusory has been made. Since there is no state action, the nonofficial parents' groups apparently spearheaded by appellee Kaye cannot, therefore, be held liable under § 1983.

There remains only the possibility of a claim against the President's Council and appellee Kaye under § 1985(3) on the basis of a claim of conspiracy to deprive appellant of equal protection of the laws. In this respect appellant does seem to fall within the proscription of *Griffin v. Breckinridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), by virtue of her allegations that appellees conspired to keep white Anglo-Saxon Protestants such as herself off the School Board or alternatively aimed to prevent minority groups such as white Anglo-Saxon Protestants in the school district in question from gaining representation on the School Board. But again there is no allegation in the complaint connecting the defendants with the unlawful acts and objec-

---

1. Appellant's complaint did allege that her campaign literature was "not distributed through children [at the schools] equally with preferred candidates . . . ." While this may be true, and must be accepted as true for the purpose of this appeal, appellant has failed to allege that Anker, or any other of the defendants, caused the discriminatory distribution, or even was aware of it.

tives of the alleged conspiracy. The only claim is that promotional material favoring the parents' Community School Board Election Committee of District # 25 was permitted to be distributed by the parent-teachers' association newsletter which was handed to the children at school. While appellant alleges that other promotional material was made available to the public inquiring at the schools, and that so-called official statements solicited by the League of Women Voters were "purposely withheld from the public" and "were not given out to inquirers at schools" or "were not distributed through children equally with preferred candidates," no factual allegation ties any of the appellees to this claim of discrimination. See note 1 supra. Appellant's allegations are insufficient to make out a claim of conspiracy since there is no indication that the appellees' conduct was intended to deprive her of her civil rights or even that any of the appellees engaged in the allegedly discriminatory activity.

Judgment affirmed.