Frank BODENMILLER, Plaintiff,

v.

Donald STANCHFIELD, Director of Motor Vehicle Hicksville Local of APWU; Leonard Comodeo, President of Hicksville Local of APWU; Morris Biller, President of APWU; Douglas C. Holbrook, General Secretary Treasurer of APWU; Anthony Passaro; Hon. Thomas J. Downey and Rosalie Cipola, Defendants.

No. CV 82–1265.

United States District Court, E.D. New York.

Jan. 17, 1983.

Rebore & Thorpe, P.C., Lindenhurst, N.Y., for plaintiff; Bartholomew J. Rebore, Lindenhurst, N.Y., of counsel.

Cooper, Englander & Sapir, P.C., Mineola, N.Y., for defendants Stanchfield, Comodeo, Biller, Holbrook and Passaro; William H. Englander, David M. Cohen, Mineola, of counsel.

O'Donnell & Schwartz, New York City, for defendants Comodeo and American Postal Workers Union.

Renee Mayer, Mineola, N.Y., for defendant Passaro.

Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., P. Kevin Brosnahan, Jr., Babylon, N.Y., for congressional defendants.

MISHLER, District Judge.

Plaintiff Bodenmiller was formerly a paid Congressional Aide to the Honorable Thomas J. Downey, United States Representative for the Second Congressional District ("Downey"). In August of 1978 Bodenmiller began an investigation into certain alleged abuses of the "injured on duty" clause of the American Postal Workers Union ("APWU") contract with the United States Postal Service.[1] Plaintiff alleges that various defendants objected to his investigation and that, as a result, he was suspended and subsequently dismissed from employment.

Bodenmiller brought this action pursuant to 42 U.S.C. § 1985(1) and (2),[2] alleging that various defendants conspired to prevent him from discharging his lawful duties as a Congressional Aide and from giving testimony in a federal court proceeding. Bodenmiller also raises certain state law claims. Stanchfield is sued in his representative capacity as Director of Motor Vehicle Craft American Postal Workers Union

1. The contract between the United States Postal Service and APWU provides that a postal employee who is "injured on duty" is entitled to receive up to 44 days of sick leave at full pay with respect to such claim. The investigation concerned fraudulent claims under the contract provision.

2. 42 U.S.C. § 1985(1) and (2) provide as follows:

§ 1985 Conspiracy to interfere with civil rights

(1) Preventing officer from performing duty. If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror. If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

(APWU)—Hicksville Local. Comodeo is sued as president of APWU–Hicksville Local. Downey is the United States Representative for the Second Congressional District in the State of New York. Cipola is Downey's Administrative Assistant. Passaro was the subject of Bodenmiller's investigation.

Defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. Two of the defendants, Downey and Cipola, also raise the issue of Congressional immunity.[3] Plaintiff claims that this court has original subject matter jurisdiction over the federal question here on the grounds that a valid claim is stated under 42 U.S.C. § 1985 and pendent jurisdiction over the state claims. We dismiss the complaint pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P.

FACTS

The facts alleged in the complaint are summarized here.[4] On or about August 1978 to October 1978, Bodenmiller commenced the investigation described above. (Par. 8). He reported the filing of false claims for paid sick leave to officials of the U.S. Postal Service. (Par. 9). He arranged for postal inspectors to interview Kathy Passaro. (Par. 11). Defendant Passaro was arrested on the complaint of his wife Kathy Passaro on December 5, 1978 and criminal charges were filed. (Par. 13).[5] On December 20, 1978 a petition signed by APWU members was submitted to Downey.[6] On that day, Downey reprimanded Bodenmiller "for his involvement in the investigation of Passaro." (Par. 16). Bodenmiller then advised Downey "that he would most probably be called to testify in the

criminal action that had been brought against defendant Passaro regarding the alleged fraudulent 'injured on duty' claim." (Par. 16). On January 3, 1979 Downey showed Bodenmiller a letter from Stanchfield which accused Bodenmiller of "political skull-doggery" and accused Bodenmiller and Kathy Passaro (defendant Passaro's wife) of conspiring to file false charges against defendant Passaro. (Par. 17).[7] On January 5, 1979 Downey suspended Bodenmiller for two weeks to teach him a lesson. (Par. 18). On January 30, 1979 Stanchfield wrote Downey and charged Bodenmiller with disrupting the marital relationship between the Passaros and offering to show that the charges against Passaro were false. (Par. 19 and letter attached to Complaint). On May 11, 1979 Downey discharged Bodenmiller. (Par. 20).

In addition to the facts pleaded by the plaintiff, as set forth above, the court takes judicial notice of the following facts concerning the criminal action against Passaro: Passaro was released following his arrest, no grand jury was convened respecting this charge against Passaro and, as a result, no indictment was brought and no proceeding was instituted against Passaro in a federal court.

Bodenmiller's First claim is brought pursuant to 42 U.S.C. § 1985(1). Stanchfield, Comodeo, APWU, Passaro, Downey and Cipola are charged with conspiring "by means of intimidation and threat to prevent the plaintiff Bodenmiller from holding his position of United States Congressional Aide" (Par. 21) and "from discharging his lawful duties as a United States Congressional Aide." (Par. 22).

The Second claim is brought pursuant to 42 U.S.C. § 1985(2). The same defendants

---

3. The court does not consider here the issue of Congressional immunity.

4. Affidavits were submitted in support and in opposition to the motion. At the time of oral argument the court advised the parties that affidavits would not be considered.

5. I take judicial notice of the proceedings in the U.S. District Court for the Eastern District of New York.

6. A copy of the petition is appended to this memorandum of decision. [Omitted from published opinion—Editor.]

7. A copy of the letter is appended to this memorandum of decision. [Omitted from published opinion—Editor.]

are charged with conspiring to prevent "Bodenmiller from testifying in the federal proceeding brought against Passaro" (Par. 25) and conspiring to injure Bodenmiller "in his property" by seeking his suspension and discharge as a Congressional Aide to Downey for having given testimony to United States Postal Inspectors. (Par. 26).

DISCUSSION

In determining the sufficiency of a claim under challenge through Rule 12(b)(6), the allegations of the complaint are to be taken as true." *United States v. Mississippi,* 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965). The allegations of the complaint should be construed most favorably to the pleader and should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). However, where the claim fails to state facts upon which liability may attach, the complaint should be dismissed. *DeLoach v. Crowley's, Inc.,* 128 F.2d 378 (5th Cir.1942). *See* 2A J. Moore & J. Desha Lucas, Moore's Federal Practice ¶ 12.08, n. 5 (2d ed. 1982).

■ In a claim based on conspiracy, the facts alleged must show with certainty "particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events would proximately cause injury to plaintiff." *Hoffman v. Halden,* 268 F.2d 280, 295 (9th Cir.1959). "[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed ... Diffuse and expansive allegations are insuf-

ficient unless amplified by specific instances of misconduct." *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). (Citations omitted).

The classic definition of conspiracy is:

... a combination of two or more persons, to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose.

*Ammlung v. City of Chester,* 494 F.2d 811, 814 (3d Cir.1974).[8] The elements constituting a civil conspiracy under § 1985, as in a criminal conspiracy, include the knowing participation of the party charged in conspirational activities. *Buck v. Board of Elections,* 536 F.2d 522 (2d Cir.1976). It is essential that the facts pleaded with respect to the conspiracy show that the defendant participated and that such participation was knowing and in furtherance of the object of the conspiracy. "At a minimum, the complaint must state some way in which the named defendants participated in the alleged conspiracy." *Means v. Wilson,* 522 F.2d 833, 840 (8th Cir.1975), *cert. denied,* 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364.

We examine the First and Second claims in the light of these principles:

### A. Participation in the Conspiracy

Defendants Biller and Holbrook are mentioned only in the caption. The claims must be dismissed as to them. Comodeo is alleged to be the president of APWU. No facts are stated from which it may be inferred that he participated in any way in the conspiracy. The claim is dismissed as to him.

Cipola is identified as Downey's Administrative Assistant. The complaint states that Bodenmiller advised her "of the general nature of his inquiries...." (Par. 10). Aside from the general conclusory statements found in Paragraphs 21 and 22, she is

---

**8.** *See United States v. Porter,* 591 F.2d 1048 (5th Cir.1979). (Agreement by laboratory to give "kickbacks" to physician is not a conspiracy since no federal statute is violated). In *McLellan v. Mississippi Power & Light Co.,* 545 F.2d 919, 927 (5th Cir.1977) the court held:

No one has the absolute right to complain of every instance in which the action of others infringes upon his own behavior. It is only when that action is unlawful that an individual has legal cause to complain.

not otherwise mentioned. The claims are dismissed as to her.

Passaro's alleged fraudulent claim triggered the investigation by Bodenmiller that allegedly brought the response by Stanchfield as an officer of APWU. No facts are stated from which it may be inferred that Passaro participated in the conspiracy alleged. The claim is dismissed as to him.

### B. Illegal Means (Threats)

■ The intimidation and threat alleged in the First Claim is Downey's threat of suspension and discharge based on Stanchfield's submitting the petition signed by APWU members and Stanchfield's letters. Assuming that the petition can be interpreted as accusing Bodenmiller of "political skull-doggery" [and] of conspiring with Kathy Passaro in filing false charges against the defendant Passaro, we find that such statements cannot be considered as threats. Indeed, we find that the APWU petition and Stanchfield's letters are merely critical of Bodenmiller's conduct and that such material falls within the protection of the First Amendment as criticism of an elected official's aide. Complaints to responsible government officials about the conduct of their subordinates with whom the complainer has had official dealings, constitutes speech protected by the First Amendment. *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1342–43 (7th Cir.1977). *See also Bradley v. Computer Sciences Corp.,* 643 F.2d 1029, 1033 (4th Cir.1980). Thus we find that Bodenmiller's claims respecting threats and intimidation are not supported by the allegations regarding Stanchfield's letters, the APWU petition and the subsequent meeting between Downey and Stanchfield.

■ Similarly, we find that Downey's conduct was not illegal. Downey is empowered by law to appoint, supervise and terminate employees with or without cause, 2 U.S.C. § 92. Neither the threat of suspen-

sion or discharge, nor the actual suspension or discharge by Downey can be described as unlawful conduct. Thus, Bodenmiller's allegations concerning threats and intimidation under 42 U.S.C. § 1985(1) and (2) are not supported by the facts stated.

### C. Illegal Purpose

■ Bodenmiller alleges that the purposes of the conspiracy were to (1) prevent him from holding his office as Congressional Aide and discharging his duties (first claim) and (2) to prevent him from testifying in the federal proceedings against Passaro and to injure him "in his property by seeking his suspension and discharge ... for having given testimony to the U.S. Postal Inspectors (second claim).

Bodenmiller's claims respecting interference with or deprivation of his "office," his "duties" and his "property" do not support a cause of action under § 1985(1) or (2) where Downey is granted broad discretion pursuant to 2 U.S.C. § 92 as to the supervision of his staff. The facts pleaded by Bodenmiller indicate that Downey's original reprimand and further disciplinary action were not arbitrary but were based upon Downey's evaluation of Bodenmiller's conduct in pursuing the investigation. We find Bodenmiller's allegations of wrongful interference, deprivation and retaliation to be unsupported by the stated facts.

■ Similarly, we find that no facts are pleaded from which it can be inferred that the defendants sought to prevent him from giving testimony in a federal proceeding. Bodenmiller merely states that he advised Downey that he (Bodenmiller) "would most probably be called upon to testify in the criminal action ... against Passaro" (Par. 16) and that subsequently Downey "strongly hinted that [Bodenmiller] should not testify as a witness against Passaro." (Par. 17). We do not find that such "strong hint" represents a wrongful interference with a witness or an obstruction of justice.[9] We

**9.** In *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340, 343 (5th Cir.1981), the clauses of § 1985(2) were assigned letters A, B, C & D as follows:

A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States

also note that Bodenmiller was never a witness in a federal proceeding. He merely claims that he gave a statement to a Postal Inspector. No further contact with the Postal Inspector or any other party to the investigation is alleged. No grand jury was convened, no subpoena was served on Bodenmiller and the charges against Passaro were dismissed.

■ We find that plaintiff's First and Second claims merely track the statutory language of 42 U.S.C. § 1985(1) or (2) and that his conclusory allegations do not support his contention that defendants conspired to interfere with his civil rights. Accordingly, we dismiss the First and Second claims for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) Fed.R.Civ.P. These two claims, brought under U.S.C. § 1985 were the asserted basis for our jurisdiction over this matter. Accordingly, we find that dismissal is appropriate for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P.[10] The Third, Fourth and Fifth claims are pendent state claims. They are dismissed. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

The complaint is dismissed, and it is SO ORDERED.

from attending such court, or from testifying to any matter pending therein.... or

B. to injure such party or witness on his person or property on account of his having so attended or testified, or

C. if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with interest to deny to any citizen the equal protection of laws, or

D. to injure him or his property for lawfully enforcing ... the right of any person, or class of persons, to the equal protection of laws.

10. Because we dismiss on the grounds discussed above, it is not necessary for the court to address other issues raised by defendants herein. Defendants urge upon us the reasoning of the circuit courts in *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340 (5th Cir.1981) and *Jones v.*

The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing the complaint. The motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 is set down for argument for February 3, 1983 at 9:30 a.m.

*United States,* 536 F.2d 269 (8th Cir.1976) holding that racial or other class based invidiously discriminatory animus must be alleged and proved as part of a claim based on any clause of § 1985(2). Defendants are aware of authority to the contrary. *See Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345 (9th Cir.1981); *McCord v. Bailey,* 636 F.2d 606 (D.C.Cir.1980); *Brawer v. Horowitz,* 535 F.2d 830 (3d Cir.1976). The Court of Appeals of this circuit has not yet spoken on the issue. I find the claims fatally defective for reasons other than the failure to state a class based animus and therefore I decline to base dismissal on this ground. Defendants also move to dismiss on statute of limitation grounds. This relates to the Third, Fourth and Fifth claims. In view of the court's disposition of these claims for lack of subject matter jurisdiction, the court will not discuss the statute of limitation grounds.